ORIGINAL

FILED
U.S. DISTRICT COURT

2011 JAN 31 PM 3:52

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEXTER WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-094 |
| | ) | |
| LA'KEISHA HAWKINS, Correctional Officer, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

Plaintiff names JSP and La'Keisha Hawkins, a correctional officer at JSP, as Defendants in this action.[2] (Doc. no. 1, p. 1; doc. no 10, p.1.) Plaintiff alleges that on September 1, 2010, he asked Defendant Hawkins if he could proceed to his "law library call out," and that she responded by cursing at him. (Id. at 3.) Plaintiff states that he told Defendant Hawkins not to curse at him, or he would "write her up." (Id.) Plaintiff asserts that Defendant Hawkins then responded by calling him a "snitch" for "the police and [Warden] Morales" in the presence of other inmates. (Id.) Moreover, Plaintiff maintains that he asked Defendant Hawkins for a grievance form, but that she refused to give him one. (Id.)

Plaintiff further alleges that he later explained the situation to a supervisory prison official, Sergeant Hightower, who told him to submit a witness statement regarding the incident. (Id. at 3-4.) Plaintiff states that he again approached Defendant Hawkins and asked her for a witness statement form, and that she refused this request as well. (Id. at 4.) According to Plaintiff, a different supervisory prison official intervened and gave Plaintiff the forms he needed, to which Defendant Hawkins responded by loudly stating that Plaintiff was a "snitch" in the presence of other inmates. (Id.) Plaintiff alleges that this incident resulted in other inmates labeling him a snitch and saying "you got to go." (Id.) Plaintiff also avers that following the incident he became concerned that "someone might do something to him." (Id.)

---

[2]Though Plaintiff did not name JSP as a Defendant in his original petition, the Court has determined in a simultaneously Order that it is appropriate to allow Plaintiff to amend his complaint to allow him to add JSP as a Defendant in this action.

2

## II. DISCUSSION

### A. Failure to State a Claim for Denial of Grievance Materials

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's allegations regarding Defendant Hawkins' refusal to provide him with grievance and witness statement forms fail to state a claim for the violation of a constitutional right. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate

3

judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff alleges that Defendant Hawkins failed to provide him with grievance and witness statement forms. However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Moreover, in any event, Plaintiff states that he was eventually provided with the grievance and witness statement forms that Defendant Hawkins initially refused to give him, and that he indeed filed a grievance concerning her actions. (Doc. no. 1, pp. 2, 4.) Therefore, Plaintiff's allegations regarding Defendant's refusal to provide him with grievance materials are inadequate to state a claim under § 1983.

### B. Failure to State a Claim Against Defendant JSP

Plaintiff's allegations are insufficient to state a claim against Defendant JSP, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is be determined . . . by the

4

law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a state prison as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these decisions and Plaintiff's failure to show that JSP is subject to a § 1983 suit, the Court finds that JSP is not subject to liability for any of the allegations in Plaintiff's complaint.[3] Plaintiff has therefore failed to state a claim against Defendant JSP,

---

[3]Even if JSP were capable of being sued for violating § 1983, it could not be held liable for the actions of Defendant Hawkins on the basis of *respondeat superior*, and Plaintiff has failed to allege that JSP, as an entity, actually participated in or was causally connected to the alleged constitutional violations. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, a claim against JSP would be subject to dismissal even if JSP were capable of being sued in a § 1983 claim.

and it should be dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant JSP, as well as Plaintiff's claim that he was denied materials needed to file a grievance, be **DISMISSED** for failure to state a claim upon which relief can be granted.[4]

SO REPORTED and RECOMMENDED this 31st day of January, 2011, at Augusta, Georgia.

*W. Leon Barfield* (signature)
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] In a simultaneously issued Order, the Court has directed that service of process be effected on Defendant Hawkins based on Plaintiff's claim against Defendant Hawkins for exposing him to conditions posing a substantial risk of serious risk of harm in violation of the Eighth Amendment.